**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XYZ CORPORATION,

      PLAINTIFF,

V.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

      DEFENDANTS.

CASE NO.: 1:21-CV-05492

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION**
**FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**
**AND TEMPORARILY PROCEED UNDER A PSEUDONYM**

Plaintiff, XYZ Corporation ("Plaintiff"), by its undersigned counsel, submits this Memorandum in support of its Motion for Leave to File Certain Documents Under Seal and to Temporarily Proceed Under a Pseudonym (the "Motion") in an action arising out of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

## MEMORANDUM OF LAW

### I.     INTRODUCTION

In this action, Plaintiff is requesting temporary *ex parte* relief based on its claims of: trademark infringement, copyright infringement, violation of the Illinois Uniform Deceptive Trade Practices Act, and violation of Plaintiffs rights of publicity. Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order ("Motion for TRO"), along with the accompany supporting memorandum, declarations, and exhibits for each, will be filed upon ruling of its present Motion.

Plaintiff is requesting that it be allowed to proceed under a pseudonym until the *ex parte* relief can be effectuated as identifying the Plaintiff at this time will result in a frustration of the litigation process and will leave Plaintiff without remedy for its injury. As Plaintiff will show, exceptional circumstances exist in this case, which should permit Plaintiff to proceed anonymously until such time as the *ex parte* relief is effectuated, with Plaintiff disclosing its identity to defendants upon service of process.

In addition to Plaintiff's request to proceed under a pseudonym, Plaintiff is requesting leave to file the following documents under seal: (1) the Amended Complaint, which will identify and include additional allegations regarding Plaintiff and Defendants; (2) Exhibit 1 to the Complaint, which consists of the Plaintiff's Trademarks; (3) Exhibit 2 to the Complaint, which consists of the Plaintiff's Copyrights; (3) Exhibit 3 – Schedule A to the Complaint, which consists of a list of the Defendants by their online marketplace accounts (referred to as "Seller Aliases" or "Defendant Internet Stores") and e-commerce store URLs of the Defendant Internet Stores; and (4) Plaintiff's Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and accompanying  supporting memorandum, declarations, and exhibits, including screenshot printouts showing the e-commerce stores operating under the Seller Aliases.

Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence as well as the hiding and/or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

## II. EXCEPTIONAL CIRCUMSTANCES

Unless Plaintiff is allowed to proceed under a pseudonym, Defendants will be able to discern which marks are at issue in the instant action, and with this knowledge, will be capable of evading detection and prosecution for their disregard of United States intellectual property laws. Third-parties routinely work in concert with accused counterfeiters in an effort to facilitate evading enforcement efforts. See Declaration of Ann Marie Sullivan ("Sullivan Declaration") at ¶ 3. One such third-party is an entity doing business as "Sellerdefense," a Chinese organization and website that monitors counterfeit enforcement and copyright infringement lawsuits in this Judicial District. *Id* at ¶ 4. When Sellerdefense observes a copyright-holder having filed a lawsuit, it announces this activity on its website, posting the Complaint and all other public pleadings, and recommends that sellers cease their counterfeiting activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores. *Id*. at ¶ 5. Please see below, Sullivan Declaration at ¶ 6, and Exhibit 1 to the Sullivan Declaration.



| Figure 1. | https://sellerdefense.cn/shaun-the-sheep-new-case/ (Last Accessed: June 24, 2021) |
|---|---|



| Figure 2. | https://sellerdefense.cn/ufcnew/ (Last Accessed: June 24, 2021) |
|---|---|

For example, the articles pictured in **Figure 1** and **Figure 2**, regarding the disclosure of the Plaintiff's name in two other cases, have between 1,183 and 1,329 views respectively, and caution sellers to remove their products and funds from associated accounts as soon as possible. *Id.* at 8. *See also Id.* at ¶ 7, and Exhibit 2.

In another article posted on the SellerDefense website, which also has upwards of 1,150 views, a screenshot of the chat group that sellers are involved in can be seen, as the SellerDefense website provides links to over 15 "WeChat" or "QQ" groups, all of which have reached their maximum capacity. *Id.* at 9, and Exhibit 3. See **Figure 3**.



**Figure 3.**     https://sellerdefense.cn/ams-sherlock-21cv929/ (Last Accessed: June 24, 2021)

In yet another article, SellerDefense details all clients and brands represented by AM Sullivan Law, LLC, and discusses the process of trying to ascertain the Plaintiff's name. See **Figure 4**. Sullivan Declaration at ¶ 11, Exhibit 4. *See also:* Article Titled: "What are the brands represented by AMS law firms that like to conceal new cases so far? look here!" https://www.amz123.com/thread-718900.htm (Last Accessed: June 25, 2021). *Id.* at Exhibit 7.



| Figure 4. | www.sellerdefense.cn/amsagencybrand (Last Accessed: June 24, 2021) |

Additionally, while SellerDefense is one of the most popular of these types of monitoring websites, it is by no means the only. *Id* at ¶ 12. Another website that works to assist counterfeit sellers describes its services as "Broadcast the latest infringement cases on cross-border platforms + track and predict the latest trends of foreign rogue law firms + brand knowledge sharing + one-stop infringement solutions, to be the most intimate security guard for cross-border sellers!" This

website also monitors activity in this District, and posts any relevant information, alerting counterfeit sellers to the name and identity of Plaintiffs. *Id.* at ¶¶ 13-14 and Exhibit 5. **Figure 5**.



**Figure 5.**   https://www.amz123.com/thread-721842.htm (Last Accessed: June 24, 2021)

In **Figure 6**, one of the posts/articles clearly instructs defendants (or even potential defendants) to "withdraw cash in time!" See Sullivan Declaration at ¶ 15, Exhibit 6. See also: https://www.egainnews.com/search?keyword=am+sullivan+law;  http://www.away-sp.com/news 2_681867.html;  https://www.jiyikj.com/Article/Detail/630407613707714561;  https://zhuanlan. zhihu.com/p/343784255;  http://www.hanchenglawfirm.com/index.php?m=content&c=index&a= lists&catid=81;  https://www.joogx.com/50552.html;  https://www.cif news.com/article/74995; https://www.sohu.com/a/365023628_190834;  https://www.saibeiip. com/headline/information-

d3395.html; http://www.haixiangkuajing.com/newsdetail_2659475.html; http://www.kjds123.cn/ (describes its services as: "1. Focus on brand knowledge sharing 2. Analysis and handling of cross-border e-commerce complaints of intellectual property rights 3. Cross-border e-commerce platform tracking and early warning of the latest intellectual property cases All information is organized at: www.kjds123.cn"). *See* Sullivan Declaration at ¶¶ 16-17.



| **Figure 6.** | https://www.amz123.com/search.htm?keyword=am%20sullivan<br>(Last Accessed: June 24, 2021) |
|---|---|

### III.    ARGUMENT

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" However, it has been well-established that a party may seek an exception to the general requirement of open litigation by filing a motion to proceed under a pseudonym. Though the Federal Rules of Civil Procedure do not specifically authorize the use of a pseudonym by litigants, courts have allowed parties to proceed anonymously in exceptional circumstances. *See, e.g Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); S. *Methodist. Univ. Ass'n. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Finding exceptional circumstances exist warranting such an exception, courts have recently allowed plaintiffs in similar trademark infringement cases to proceed anonymously in both this District[1] and in other Districts.[2] See, *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-03563 (July 7, 2021) (Chief Judge Pallmeyer) [9] ("[T]he Court finds

---

[1] *See XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-00631 (Feb. 16, 2021) [18] ("On the merits, Plaintiff's submissions establish that, were Defendants to learn of these proceedings before the execution of Plaintiff's requested preliminary injunctive relief, there is a significant risk that Defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court."); *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-01233 (Apr. 6, 2021) ("Plaintiff's motion [5] for leave to file under seal and proceed anonymously is granted in light of the asset-restraint goal."); *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-02322 (May 2, 2021) [8] ("Plaintiff's motion for leave to proceed anonymously is granted, exceptional circumstances having been shown."); *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-01290 (March 11, 2021) [15]; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:20-cv-07258 (March 21, 2021) [16].

[2] *See XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; SDIL, Case No. 0:21-cv-61267 (June 22, 2021) [6] (Finding "that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution." Also holding, "Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity.").

that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants . . . to become aware of Plaintiff's identity early enough in the litigation to allow them to destroy online evidence or evade prosecution.")

To proceed anonymously, "a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372 (7th Cir. 2016) (citation omitted). The Seventh Circuit has held that it is within the District Court's discretion to determine whether the circumstances of a particular case justify a departure from the general rule that parties must be identified by name. *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Court has found circumstances justifying the use of anonymous names where, as here, Plaintiff is "a likely target of retaliation by people who would learn [its] identity" from court filings. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

In deciding whether to permit a party to proceed by anonymous name, courts apply a balancing test, weighing "the possible prejudice to the opposing party from concealment" against "the harm to the plaintiff" from disclosure of his or her identity. *Id*. Here, as shown in the analysis above, the balancing test analysis favors permitting Plaintiffs to proceed by anonymous name.

Allowing Plaintiff to proceed anonymously will not harm the public interest and the Defendants will not be prejudiced if the Court allows the Plaintiffs to proceed anonymously. Plaintiffs are not seeking to hide their identities from the Defendants. Rather, Plaintiff seeks only to proceed anonymously on a temporary basis, and intends to make its identity public after the Defendants have been served. *John Does I-IV*, 2006 WL 2289187 at *3 ("Plaintiffs request understandably that Defendants be precluded from disclosing their names publicly. Thus, Defendants will not be prejudiced by allowing Plaintiffs to proceed by anonymous names.").

Here, exceptional circumstances likewise warrant permitting Plaintiff to proceed anonymously. If Plaintiff's identity is known, Defendants will undertake activity designed to frustrate Plaintiff's efforts to prosecute this action and collect any potential judgment entered against the Defendants. This assertion is based upon Plaintiff's counsel's previous and current experience in cases involving analogous facts. Sullivan Declaration at ¶ 18. Specifically, such activity will likely include, without limitation, Defendants: (a) blocking access to their sites in the United States so that copyright-holders are unable to view the Defendants online postings and, therefore, unable to gather important evidence; (b) closing their Defendant Internet Stores and opening up new online stores with new registration and account information in order to evade the action; and (c) transferring assets from their financial accounts, closing those accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiff without remedy. *Id* at 19.

Additionally, the impact of COVID-19 on this Court's procedures and processes also gives rise to an additional exceptional circumstance which should allow Plaintiff to proceed anonymously. Specifically, the Court's Ninth Amended General Order, and all prior General Orders related to the COVID-19 pandemic, have ordered the suspension of noticing motions for presentment. In compliance with this directive, most judges require that motions be filed without notice, and state that the motions will be decided based on written submission without need for a hearing. As a result, the motions can be pending on the docket for a lengthy period of time.[3]

If Plaintiff is not allowed to proceed anonymously, this could give Defendants advance notice of the brand and copyrights in the action far before litigation actually begins, which allows them to complete the evasion tactics listed above, and effectively evade the action altogether.

---

[3] For example, Plaintiff's counsel had a previous case for which a Motion for a Temporary Restraining Order was not decided until three months post-filing.

## IV.    CONCLUSION

For these reasons, Plaintiff respectfully requests that it be permitted to file certain documents under seal and temporarily proceed in this action under a pseudonym, at least until such time as the *ex parte* relief may be effectuated, including the suspension of the Defendant Internet Stores and restraint of the associated financial accounts, in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present copyright infringement and anti-counterfeiting efforts.


Dated: October 15, 2021                    Respectfully submitted,


                                           */s/ Alison Carter*
                                           Alison Carter
                                           Ann Marie Sullivan
                                           Sofia Quezada
                                           AM Sullivan Law, LLC
                                           1440 W. Taylor St., Suite 515
                                           Chicago, Illinois 60607
                                           Telephone: 224-258-9378
                                           E-mail:  akc@amsullivanlaw.com

                                           ***ATTORNEYS FOR PLAINTIFF***