**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE HEBREW UNIVERSITY OF JERUSALEM, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No. 21-CV-05492 |
| | **)** | |
| THE PARTNERSHIPS AND UNINCORPORATED | **)** | Judge Manish S. Shah |
| ASSOCIATIONS IDENTIFIED ON | **)** | Magistrate Judge Young |
| SCHEDULE A, | **)** | B. Kim |
| | **)** | |
| Defendants. | **)** | |

**DEFENDANT DEALZEPIC'S MOTION TO DISMISS**

Now comes Defendant dealzEpic, identified as Doe # 19 on Schedule A

of the Complaint, and for its Motion to Dismiss, states as follows:

**INTRODUCTION**

This case involves the name and likeness of the great physicist Albert

Einstein. Einstein is, of course, "the symbol and embodiment of genius. His persona

has become thoroughly ingrained in our cultural heritage. Now, nearly 60 years

after his death, that persona should be freely available to those who seek to

appropriate it as part of their own expression". *Hebrew University of Jerusalem v.*

*GM LLC*, 903 F. Supp. 2d 932, 942 (C.D. Cal. 2012).

In that case, Plaintiff Hebrew University of Jerusalem ("***HUJ***"), as

beneficiary of Albert Einstein's will, attempted to assert a right of publicity 55 years

after Einstein's death (5 years longer than what that court said was the maximum

duration) *Hebrew University*, 903 F. Supp. 2d at 942. In denying that claim, the

court admonished that "at some point, the interests of free speech outweigh the interests of the heirs and 'the person's identity should enter the public domain as a part of history and folklore'". *Id., citing* J. Thomas McCarthy, *Rights of Publicity & Privacy* §9:16). Heedless of that court's words, HUJ once again is aggressively attempting to keep Albert Einstein's name and likeness for itself. This time around its aggressive stance extends even to the point of claiming an image of Albert Einstein in the public domain and accurately described as a "portrait of Albert Einstein" somehow infringes its copyrights and trademarks. As will be shown below, HUJ does not have a colorable claim for either copyright or trademark infringement against Defendant dealzEpic (or against any other defendant named in this case) and for that reason dealzEpic will be seeking its attorney fees and costs in this matter.

Despite the weakness of its claims, Plaintiff contends that the defendants are "counterfeiters" deserving of one of this Court's most drastic measures: ex parte freezing of financial accounts. "Schedule A" cases, ordinarily filed against counterfeiters, are in some unusual cases deployed by plaintiffs against defendants with whom they have no legitimate dispute at all. DealzEpic is such a defendant.

Plaintiff claims to be fighting "counterfeiters" but it is in fact trying to abuse this Court's authority in an attempt to grant itself rights it does not and cannot have under the Lanham and Copyright Acts. Plaintiff claims dealzEpic infringes Plaintiff's copyrights by selling a mousepad on Amazon.com with a photographic image of Albert Einstein. That photograph was taken in 1947 and has since entered

the public domain[1]. That image is attached, along with its Library of Congress information, as **Exhibit A**. DealzEpic's Amazon.com page showing the mousepad and its accompanying description, excerpted from Plaintiff's Exhibit to its motion for a TRO (DKT#13-1 pp. 58-59) is attached as **Exhibit B**.

Plaintiff also claims defendant infringes its trademarks by accurately and generically describing that public domain image as "a portrait of Albert Einstein". As there can be no possible justification for Plaintiff's claims, Defendant dealzEpic should be dismissed with prejudice, and, pursuant to 17 USC §505 and 15 USC §1117, dealzEpic should be awarded its costs and attorney fees.

## I. COUNT IV SHOULD BE DISMISSED

### PLAINTIFF'S COPYRIGHTS

In Count IV of its Complaint, Plaintiff The Hebrew University of Jerusalem claims that all 140 Schedule A defendants[2] sold "unauthorized products that use,

---

[1] The photograph was taken in 1947 by O.J. Turner, and is downloadable from the Library of Congress' website: https://www.loc.gov/item/2004671908/

[2] And apparently the hundreds of Schedule A defendants named in the three previous identical lawsuits filed by HUJ in the Northern District of Illinois in roughly the past one year: Cases No. 20-5786, 21-1443, 21-3201.

are based on, and/or are derived from copyrighted subject matter created by HUJ". Complaint ¶ 4. Plaintiff further claims that the defendants "After accessing Plaintiff's work…created copies", Complaint ¶ 68, and made and sold "derivative works". Complaint, ¶¶ 69, 70.

The copyright registrations attached to the Complaint, Ex. 2, are mostly textual material[3] However, HUJ also has registrations in four works of visual art by artist Steve Kaufman from 1996: Einstein, state II / Steve Kaufman (reg. no. VA0000746908), Einstein, state I (reg. no. VA0000820328), Einstein, state II (reg. no. VA0000820323) and Einstein, state II / Steve Kaufman (reg. no. VA0000746908). A color printout of Mr. Kaufman's web page showing the Einstein images is attached as **Exhibit C**.

Mr. Kaufman's work appears to be Andy Warhol style colorized images of Albert Einstein, derivative works based on a different photograph of Albert Einstein of unknown origin.

**DEFENDANT DEALZEPIC'S USE OF THE ALBERT EINSTEIN IMAGE**

---

[3] Based on their titles, these works seem to be collections and arrangements of Einstein's papers, letters, and quotations. The selection and arrangement may be protected under the Copyright Act, but the underlying material is presumably in the public domain.

As shown in in Plaintiff's Document#13-1, which purports to be evidence of various store's infringement of HUJ's copyrights and trademarks, dealzEpic locates public domain images and sells mousepads adorned with those images, Exhibit B (DKT#13-1 pp. 58-59), such as the Albert Einstein mousepad which HUJ claims infringes their copyright in the Steve Kaufman images. As shown on Exhibit B, dealzEpic's Amazon page for the Albert Einstein mousepad, other examples of dealzEpic's mousepads include Abraham Lincoln, Sitting Bull, and Nikolai Tesla. The image of Einstein on Exhibit B is identical to the image from the Library of Congress, Exhibit A[4].

## THE COMPLAINT FAILS TO STATE A COPYRIGHT CLAIM ON WHICH RELIEF CAN BE GRANTED, SO COUNT IV SHOULD BE DISMISSED

A comparison between Exhibits B and C show that none of the copyright registrations cited by HUJ in its Complaint relate to the photograph of Albert Einstein used by Defendant dealzEpic. Further, the photograph used by DealzEpic itself is plainly in the public domain. DealzEpic had, of course, every right to sell its Albert Einstein mousepads without fear of infringing another's work. "Once the copyright on a work expires, the work becomes a part of the public domain and can

---

[4] It should be noted that the notation on Exhibit C that the "brand" of the mousepad is "Albert Einstein" is a notation made by Plaintiff and is not evidenced in the actual Amazon store page. The actual Amazon page describes the "Brand" as "DealzEpic".

be copied and sold without a license from the holder of the expired copyright."
*Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 790 (7th Cir. 2014).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief" "In assessing the complaint's sufficiency, the court accepts all well-pleaded facts in the complaint, but not legal conclusions, as true and draws reasonable inferences in the plaintiff's favor. To state a claim for copyright infringement based on unauthorized copying or distribution, plaintiffs must plausibly allege two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Energy Intelligence Group v. Exelon Generation Co.*, 2021 U.S. Dist. LEXIS 76688, at *6-7 (N.D. Ill.) (internal citations omitted).

Assuming solely for purpose of this motion that Plaintiff has sufficiently alleged ownership of the copyrights listed in Exhibit 2 to the Complaint, even a cursory comparison between exhibits A, B and C reveals that the photograph upon

which HUJ's copyright is based upon is entirely different than Defendant dealzEpic's image of Albert Einstein, which is in the public domain.

HUJ has failed to state a claim upon which relief may be granted because it cannot show copying of any elements of its work since there is no similarity between any copyright image claimed by plaintiff and that used by defendant (except of course that they are both pictures of Albert Einstein) and because Defendant's image is in the public domain.

## II.      COUNTS I-III SHOULD BE DISMISSED

### PLAINTIFF'S TRADEMARKS

HUJ has registered the marks EINSTEIN and ALBERT EINSTEIN for a wide variety goods and services. Again assuming soley for purposes of this motion that HUJ has satisfied the PTO that it continues to sell, for example, weightlifting machines under the trademark ALBERT EINSTEIN, See Complaint Ex. 1 p. 4, that HUJ's trademark registration with the PTO is valid, HUJ attempts to wield its purported trademarks too broadly.  A trademark registration is not an unfettered power to exclude sellers from selling public domain images of Albert Einstein described as Albert Einstein, even if HUJ uses ALBERT EINSTEIN as a mark to hawk "abdominal boards" and "yo-yos". See Complaint Ex. 1 p. 4.

As shown in Exhibit B, dealzEpic uses the name "Albert Einstein" to describe the mousepad as follows:

*"dealzEpic - Art Mousepad - Natural Rubber Mouse Pad with Classic Photo of Classic Portrait of Albert Einstein - Stitched Edges - 9.5x7.9 inches"*.

Nothing in the Lanham Act prevents dealzEpic from accurately describing its picture of Albert Einstein as a "Portrait of Albert Einstein". See Exhibit B. As is plain to see from the description of the mouse pad on dealzEpic's Amazon web page, "Albert Einstein" is used strictly as an accurate description of the item being sold. That is classic fair use of a term that also happens to be a trademark. "To establish a classic fair use defense, a defendant must prove the following three elements: "1. Defendant's use of the term is not as a trademark or service mark; 2. Defendant uses the term 'fairly and in good faith'; and 3. [Defendant uses the term] 'only to describe' its goods or services." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002) (affirming summary judgment against the estate of Princess Diana in trademark infringement case and affirming award of over $2,000,000 in attorney fees to defendant).

Here, describing the picture on the mousepad as "a classic portrait of Albert Einstein" is as much a description of the item as the fact that it has "stitched edges" and is "9.5x7.9 inches". There is only one trademark of dealzEpic on the Amazon page: dealzEpic.

The Lanham Act similarly recognizes a fair use defense. The exclusive right to use a registered mark is subject to defenses including: "That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark… of a term or device which is descriptive of and used fairly and in good faith only to

8

describe the goods or services of such party, or their geographic origin" 15 USC §
1115.

Because dealzEpic's use of the term "Albert Einstein" to describe a picture of
Albert Einstein is self-evidently a description and not a mark, HUJ has failed to
state a cause of action for trademark infringement[5].

## III.  THE MATERIAL SUBMITTED WITH THIS MOTION SHOULD
## NOT BE CONSIDERED EXTRANEOUS UNDER FRCP 12(D)

The court should note that the material relied upon by dealzEpic consists of
HUJ's own images of dealzEpic's Amazon store page, public records from the
Library of Congress, and information relied upon by Plaintiff in its complaint. The
nature of these exhibits is such that they should not be considered documents
outside of the pleadings which should convert the motion into a motion for summary
judgment. "The rule permitting certain documents outside the pleadings without
converting a motion to dismiss to a summary judgment motion is a liberal one."
*Mitchell v. B-Way Corp.*, 2021 U.S. Dist. LEXIS 4753, *3 n.3 (N.D. Ill. Jan. 11,
2021). "A court may consider, in addition to the allegations set forth in the
complaint itself, documents that are attached to the complaint, documents that are

---

[5] DealzEpic does not consider the three trademark counts individually as its
arguments are identical as to each count.

central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Exhibit A, the image and information from the Library of Congress, is a public record and this Court may take judicial notice of it. Exhibit B is of course from HUJ's own submission to the Court in support of its TRO and Preliminary Injunction. Exhibit C, The Steve Kaufman images, are referred to in Exhibit 2 to the Complaint and are central to the complaint, since Plaintiff alleges Defendant dealzEpiq has copied them and created derivative works based upon them[6]. Since HUJ asked this Court to impose ex parte injunctive relief on defendants, it was certainly incumbent on it to offer the Kaufman images as exhibits for comparison purposes.

## IV.   PLAINTIFF'S CLAIMS ARE SO WHOLLY LACKING IN MERIT THAT AN AWARD OF FEES IS WARRANTED.

The Copyright Act authorizes the "award [of] a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.  The Seventh Circuit has stated that "as a consequence of the successful defense of an infringement suit the defendant is entitled to a "very strong" presumption in favor of receiving attorneys' fees, in order to ensure that an infringement defendant does not abandon a

---

[6] Even if the Court disregards the images themselves, their registration date in 1996 indicates that they were created nearly fifty years after the image used by dealzEpic.

meritorious defense in situations in which the cost of vindication exceeds the private benefit to the party. For without the prospect of such an award, [the defendant] might be forced into a nuisance settlement or deterred altogether from exercising [its] rights". *Klinger v. Conan Doyle Estate, Ltd*., 761 F.3d 789, 791 (7th Cir. 2014) (first citing *Assessment Techs. of Wis., LLC v. WIREdata, Inc*., 361 F.3d 434, 436-37 (7th Cir. 2014); then citing *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625-26 (7th Cir. 2013)). *See also ABRO Industries v. 1NEW Trade, Inc.,* 2017 U.S. Dist. LEXIS 179792, *35 (N.D. Ind.)

The copyright scheme described in *Doyle* is analogous to that of HUJ in the present case. In *Doyle*, the "Doyle estate's business strategy is plain: charge a modest license fee for which there is no legal basis, in the hope that the 'rational' writer or publisher asked for the fee will pay it rather than incur a greater cost, in legal expenses, in challenging the legality of the demand." *Doyle*, 761 F.3d at 792. HUJ is similarly exploiting a great, though long dead, famous figure to attempt to extract settlements from sellers who can ill-afford attorney fees by asserting rights for which it knows it has no legal entitlement.

That scheme also provides the basis for an award of attorney fees under the Lanham Act. The Lanham Act contains the following fee-shifting language: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). as recently explained in *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 386 (7th Cir. 2019), the 7th Circuit applies the standard annunciated by the Supreme Court in *Octane Fitness, LLC v. ICON Health &*

*Fitness, Inc.*, 572 U.S. 545, 554 (2014): "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."

Here, HUJ's trademarks EINSTEIN and ALBERT EINSTEIN for a wide variety of goods and services, albeit not mouse pads, do not convey any right to preclude others from using the name of Albert Einstein to sell their non-infringing goods with the accurate, and indeed inevitable, description such as "portrait of Albert Einstein". Schedule A cases such as this are intended for combatting counterfeiters, but HUJ instead uses the Court's power to assert non-existent rights in the hope that the sellers will be compelled to make the "rational" decision to settle and avoid selling Einstein related artwork, leaving the market open for HUJ's competing products.

As the Supreme Court noted in *Octane*, "exceptional" means uncommon, rare, and "not ordinary" or "not run of the mill". *Octane*, 572 U.S. at 553. Pursuing a non-existent right through a type of lawsuit intended for counterfeiters fits those

12

definitions, justifying an award of attorney fees under the Lanham Act[7].

## V. CONCLUSION

Wherefore, Defendant dealzEpic, Doe # 19 on Schedule A of the Complaint, respectfully requests that this Court enter an order:

A.  Dismissing dealzEpic from the Complaint with prejudice;

B.  Dissolving the Preliminary Injunction with regard to dealzEpic;

C.  Awarding dealzEpic attorney fees and costs in an amount to be determined.

Dated: December 10, 2021

dealzEpic

By:/s/ Wesley Johnson

_____

[7] As further support for the unusual nature of this lawsuit, based on undersigned counsel's review, the alleged infringements reveal no use of Steve Kaufman's work by any defendant, nor any use of "Einstein" or "Albert Einstein" used in any other way than as an accurate description of the item being sold. Without exception, the other defendants' items are either artwork based on images of Einstein with no connection to the Kaufman artwork, or single quotations by Einstein on, for example, a plaque. Counsel intends to review the evidence asserted by HUJ in the other three cases it recently filed.

One of its attorneys

Wesley Johnson (ARDC#6225257)
Goodman Tovrov Hardy & Johnson LLC
105 W. Madison, Suite 1500
Chicago, IL 60602
(312) 752-4828
Fax: (312) 264-2535
wjohnson@goodtov.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on December 10, 2021, I served a copy of the attached **DEFENDANT DEALZEPIC'S MOTION TO DISMISS**, on all parties who have appeared via ECF.

By:/s/ Wesley Johnson