**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE HEBREW UNIVERSITY OF JERUSALEM, <br><br>PLAINTIFF, <br><br>V. <br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br>DEFENDANTS. | CASE NO.: 1:21-CV-05492 <br><br><br>JUDGE MANISH S. SHAH |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND COUNTERCLAIM**

Plaintiff, The Hebrew University of Jerusalem ("HUJ" or "Plaintiff"), by its counsel, respectfully requests this Honorable Court to reconsider the Minute Entry entered on March 2, 2022 [Docket Entry 54], and further respectfully requests a brief five (5) calendar day extension of time to respond to Defendant's Motion to Dismiss [34] and Counterclaim [39] pursuant to Fed. R. Civ. P. 6(b)(1)(B)("Rule 6").

Plaintiff filed a Motion Requesting the Court to strike Defendant's Motion to Dismiss [34] and Defendant's Counterclaim [39] on March 1, 2022. [52].

On March 2, 2022, the Court denied that Motion by Minute Entry. [54]. Plaintiff understands and respects the Court's reasoning and decision denying Plaintiff's Motion to Strike, and does not ask the Court to reconsider that finding. However, in the Court's Minute Entry, the Court stated that Plaintiff had forfeited its arguments in opposition to Defendant's Motion and Counterclaim, by not filing a timely response. Plaintiff's counsel respectfully asks the Court to reconsider that ruling pursuant to Rule 6 and given the

1

prejudicial effect it would have on Plaintiff. Rule 6 states that "the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff's counsel did not believe that in filing its Motion to Strike that it would be forfeiting its opportunity to respond to Defendant. Plaintiff's counsel was under the impression that Rule 14(a)(4)(A) would apply, and the deadline for filing a Response and Answer to the Counterclaim would be extended, even briefly, as the Rule states that "unless the court sets a different time…if the court denies the motion…the responsive pleading must be served within 14 days after notice of the court's action." Plaintiff's counsel acknowledges that it may have been mistaken or misinformed as to the effect of Rule 14 and the consequence of the Motion to Strike being denied. However, and of great significance, Plaintiff would bear the burden of Plaintiff's counsel's error should Plaintiff not be allowed to respond to the merits of the Motion, and would certainly be unfairly prejudiced if found to be in default for failing to Answer the Counterclaim solely due to Plaintiff's counsel's error.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It was Plaintiff's counsel's understanding, even if mistaken, that Plaintiff's Motion to Strike was its attempt at otherwise defending. It was not Plaintiff's intention to waive the opportunity to respond to the substantive merits and defenses presented in Defendant's Motion and Counterclaim.

If the Court had granted Plaintiff's Motion to Strike, the response to Defendant's Motion or Counterclaim would have been rendered moot; as such, Plaintiff's counsel intended to wait for the disposition of its Motion to Strike, prior to filing its Response. In hindsight, Plaintiff's counsel realizes they should have filed the Motion to Strike at an earlier time, which would have allowed for the disposition of the Motion prior to the deadline to respond of March 1, 2022. Plaintiff's counsel bears the full responsibility of these errors. However, Plaintiff is prepared to file the Response to the Motion and Answer to the Counterclaim, should the Court generously grant the present Motion.

Plaintiff further respectfully submits that, while the prejudice for not allowing Plaintiff to respond to Defendant's Motion and Counterclaim would be great, there would be no prejudice to the Defendant in granting a brief five (5) calendar day extension of time, especially given the Defendant's willingness to extend the briefing schedule in order to pursue settlement negotiations.

For the foregoing reasons, Plaintiff's counsel respectfully requests that this Court grant Plaintiff a brief, five (5) calendar day, extension of time to respond to the merits of Defendant's Motion and Counterclaim so as not to unfairly prejudice Plaintiff. Such response will be filed no later than Monday, March 7, 2022, and Plaintiff would accept an even briefer time frame should the Court generously grant Plaintiff's request to extend the time to respond.

Dated: March 2, 2022				Respectfully submitted,

*/s/ Alison Carter*
Ann Marie Sullivan
Alison Carter
Sofia Quezada
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: akc@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on March 2, 2022 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Alison Carter*
Alison Carter