UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HEBREW UNIVERSITY OF JERUSALEM,<br><br>PLAINTIFF,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANT. | CASE NO.: 1:21-CV-05492<br><br>JUDGE MANISH S. SHAH<br><br>MAGISTRATE JUDGE YOUNG B. KIM |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND STAY DISCOVERY

Plaintiff, The Hebrew University of Jerusalem ("Plaintiff" or "HUJ"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 12(h)(3), hereby moves for entry of an order dismissing Defendant's Counterclaim [Docket No. 39] with prejudice, with each party bearing its own fees and costs, and files this memorandum in support.

### INTRODUCTION

This case involves claims of trademark and copyright infringement against multiple ecommerce stores which are offering to sell and/or have sold infringing products into Illinois. Defendant, dealzEpic ("Defendant"), filed a motion to dismiss along with a counterclaim seeking declaratory relief from the court. The court has since dismissed all pending claims against the Defendant. Such dismissal eliminated any actual case or controversy in this proceeding such that the court lacks subject matter jurisdiction over the counterclaim. Because of this, Plaintiff requests that the Court dismiss as moot Defendant's counterclaim.

1

## STATEMENT OF FACTS

Plaintiff filed its Complaint on October 15, 2021 [1] alleging trademark infringement, copyright infringement, and unfair competition against multiple defendants. Defendant filed a Motion to Dismiss on December 10, 2021 [34] along with a Counterclaim on December 16, 2021 [39]. This Court granted Defendant's motion to dismiss with prejudice on August 1, 2022 [64]. Plaintiff now files its Motion to Dismiss Defendant's Counterclaim as all claims have been adjudicated, there is a lack of subject matter jurisdiction, and the Counterclaim is now moot.

## ARGUMENT

### I. Plaintiff's Claims Against Defendant Have Been Dismissed With Prejudice Rendering Defendant's Counterclaims Moot

Defendant filed its Counterclaim seeking declaratory judgment of non-infringement while Plaintiff's infringement claims were pending. This Court dismissed all claims against the Defendant with prejudice on August 1, 2022 [64]. All claims against the Defendant having been dismissed, the Defendant's Counterclaim should now be dismissed as moot.

Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. "To qualify as a case fit for federal-court adjudication, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *Preserv. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72, 133 S.Ct., at 1528 (quoting *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)).

In the present case, the dismissal of Plaintiff's claims against the Defendant renders any counterclaim Defendant has attempted to plead, moot. Other courts, including this Court and the U.S. Supreme Court have addressed this issue and reached the same outcome. Most recently, this Court, in *Malibu Media, LLC v. Najia Khan,* issued an opinion that the dismissal of Plaintiff's claims against the Defendant rendered the Defendant's counterclaim moot as the claims had been finally resolved on the merits. (*Malibu Media, LLC v. Najia Khan,* No. 18:CV-3028 at docket entry [65] dated September 21, 2022, attached hereto as Exhibit A). In *Malibu*, the court agreed with the holding in *Bodyguard Prods., Inc. v Does 1-25*, No. 17- CV-7667, 2019 WL 7900686, at 2-3 (N.D.Ill. Feb. 19, 2019) which stated that a dismissal "acts as an adjudication on the merits adverse to Plaintiff" which prevents future litigation of the issue; and that the dismissal of Plaintiff's claims "renders Count I of Defendant's counterclaim a legal nullity, as the request for declaratory relief is simply the flip-side of Plaintiff's original claim that has been finally resolved *on the merits*." 2019 WL 7900686, at 2 (emphasis added.) Here, all counts of Plaintiff's claims have been dismissed with prejudice which prevents future litigation of the issues; and all counts of Defendant's counterclaim are a legal nullity as each is "the flip-side" of Plaintiff's claims that have now been fully resolved on the merits.

Additionally, in *Ciber, Inc. v. Ciber Consulting, Inc.*, 326 F. Supp.2d 886 (2004), Plaintiff filed a complaint alleging trademark infringement against Defendant. Defendant filed an answer and counterclaims. Plaintiff dismissed the complaint against and moved to dismiss Defendant's counterclaims as moot. In that case, Judge Gettleman agreed as the dismissal of the trademark infringement claims deprived the court of jurisdiction over defendant's counterclaim. Also, in *Already, LLC v. Nike, Inc.,* 568 U.S. 85 (2013), Nike filed a complaint alleging trademark infringement against defendant. Defendant filed an answer and counterclaim. Nike dismissed its claims with prejudice and Nike's motion to dismiss defendant's counterclaim with prejudice was granted. Finally, the Honorable

Judge Gary Feinerman, upon a substantively similar motion filed by Plaintiff in that case, granted Plaintiff's motion for voluntary dismissal and dismissed Defendant's counterclaims in *Malibu Media v. Donald Adams*, 1:17-cv-08429 at Docket Entry [38] dated October 18, 2018, and attached hereto as Exhibit B.

"[T]he primary issue in this case [is][ ... ] whether Defendant actually downloaded, used, and/or distributed Plaintiffs' copyrighted materials without authorization to do so." *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 U.S. Dist. LEXIS 43966, at *12 (N.D.N.Y. June 18, 2007). Accordingly, "[i]f Plaintiffs withdraw their claim [and it has], there is no continuing threat lingering over Defendant [ ... ] [Therefore] [ ... ] there is no continuing case or controversy." *Id.* at * 12. Here, "there is [simply] no reason to force [Plaintiff] to defend a claim by Defendant arguing that he did nothing wrong." *Id.* at *14-15. Indeed, "[c]ountenancing such a theory for entertaining Defendant's counterclaim would open the floodgates to endless potential litigation by persons seeking a declaration that [their] activities do not violate another's rights." *Id.* Accordingly, upon the granting of Plaintiff's motion to dismiss its claim with prejudice, there will no longer be a "substantial controversy" between the parties of "sufficient immediacy and reality" sufficient to form the basis for an Article III case or controversy. *See Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007).

Further, to survive the present motion to dismiss, Defendant must prove that the Court has continuing jurisdiction to decide its counterclaim. *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) ("The party seeking a declaratory judgment must establish that jurisdiction 'existed at the time the claim for declaratory relief was filed and that it has continued since.'") (quoting *Benitec Aust., Ltd. v. Nucleonics, Inc.*, 495 F.3d 13401 1343 (Fed. Cir. 2007)). Defendant cannot prove there is a continuing case or controversy as to its noninfringement counterclaim because Plaintiff's claims have been dismissed and will not be able to be reasserted

4

against Defendant. See *Streck, Inc.*, 665 F.3d at 1281-82 (holding that declaratory judgment counterclaims did not survive as to claims no longer being asserted).

As such, given the strong precedent to dismiss a party's counterclaims when the underlying claims have been dismissed, Plaintiff requests that this court dismiss Defendant's counterclaims with prejudice. "District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses." *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006) (Leinenweber, J.); see e.g. *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842,852 (N.D. Ill. 1990) (Shadur, J.) (Court dismissed a counterclaim because it sought no affirmative relief); *Malibu Media, LLC v. John Doe.*, 13-c-3648 (N.D. Ill. June. 9, 2014) (Kennelly, J.) (dismissing counterclaims that "add nothing to the affirmative defenses" and "do not present an independent case or controversy that would survive a dismissal of Plaintiffs infringement claim."); *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 27, 2007) ("Numerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiffs rights will be decided by plaintiffs claim."). This is because, in those cases, "Defendant seeks no relief in his counterclaim other than that which would have the opposite effect of the relief sought in the Complaint. As such, [the] counterclaim is redundant and unnecessary." *Malibu Media, LLC v. Batz*, Civil Action No. 12-cv-01953-WYD-MEH, 2013 U.S. Dist. LEXIS 84709, at *10 (D. Colo. May 17, 2013)).

Here, Defendant's counterclaim fails as a matter of law and must be dismissed as an inappropriate "repackaging" of its initial denial of infringement. Specifically, Defendant's counterclaim is nothing more than a denial of infringement and must be dismissed because it added nothing more to the underlying lawsuit, the claims of which have already been dismissed.

## II. Defendant's Counterclaim Should Also Be Dismissed For Failure To State a Cause of Action

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations omitted). When a counterclaim seeks no affirmative relief other than a finding that the Defendant is not liable to Plaintiff for infringement, that counterclaim must be dismissed. *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929 at *5 (N.D. Ill. June 9, 2014). *See also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985), and *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78 (N.D. Ill. 1973), (what is actually a defense to a suit does not become an independent claim based on its relabeling). Therefore, Defendant's counterclaim of non-infringement should be dismissed.

Further, when a counterclaim merely restates the issues as a "mirror image" to the complaint, the counterclaim serves no purpose. C. Wright, A. Miller & M Kane, Federal Practice and Procedure, § 1406, at 32-33 (1990) (noting "authority that when a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot.").

Recent precedent from Judge Virginia Kendall in this District Court, affirms that this declaratory judgment counterclaim should be dismissed. On May 31, 2019, Judge Kendall entered an order dismissing what was titled as an abuse of process counterclaim, but also made a request for declaratory relief on the same grounds as the instant Counterclaim (i.e. with Defendant claiming the

Counterclaim seeks to prove his innocence, have Plaintiff's claims against him dismissed, and to prevail against Plaintiff as not liable for infringing Plaintiff's intellectual property). *See Malibu Media, LLC v. John Doe*, Case No. 18-cv-5792, (N.D. Ill. 2018), docket entry [36] dated May 31, 2019, attached hereto as Exhibit C. That case held that the counterclaim for declaratory relief served no useful purpose, and arguing that Plaintiff would not be prejudiced by the counterclaim, and/or that the counterclaim would deter Plaintiff from filing future claims, are not legally valid reasons to maintain a counterclaim. *See Id.* at *1-2. Therefore, Judge Kendall struck the request for declaratory relief as redundant and "no more than a restatement of Defendant's general denial of liability." *Id.* at *2. Judge Kendall reaffirmed this recent precedent on June 6, 2019. *See Malibu Media. LLC v. John Doe*, Case No. 18-cv-7657, (N. D. Ill. 2018) docket entry [31], dated June 6, 2019, attached hereto as Exhibit D.

Given this precedent, Plaintiff requests that the Defendant's Counterclaim be dismissed with prejudice for failing to state a cause of action.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court to dismiss Defendant's Counterclaim with prejudice, each side bearing its own fees and costs, and further requests a stay of the discovery schedule until such time as the court rules on the present motion in order to prevent unnecessary expense for the parties.

Dated: October 10, 2022

Respectfully submitted,

*/s/ Alison Carter*
Ann Marie Sullivan
Alison Carter
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: akc@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on October 10, 2022 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Alison Carter*
Alison Carter